IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ANDRES ANAYA,
and DAVID A. ANAYA,

       Plaintiffs,

v.                                                    No. 2:17-cv-00277-GJF-KRS

STATE OF NEW MEXICO;
COUNTY OF SOCORRO; CITY OF
SOCORRO; JOHN DOES, State Police
Officers; SOCORRO SHERIFF'S
DEPUTY KYLE HALEY; and
SOCORRO CITY POLICE OFFICER
CARLOS VALENZUELA, all in their
individual and official capacities.

       Defendants.

## ORDER DIRECTING SERVICE OF PROCESS ON DEFENDANTS COUNTY OF SOCORRO AND "JOHN DOES"

This matter is before the Court *sua sponte*. On January 19, 2017, Plaintiffs Jose and David Anaya commenced a civil rights action in New Mexico's Seventh Judicial District Court for what they claim was the unconstitutional seizure of their property during a drug raid in 2016. [Doc. 1-1, Compl. ¶¶ 9-23]. Plaintiffs name the State of New Mexico, the City and County of Socorro, and individual law enforcement officers, including "Does," that work for the State, City, or County as responsible for the alleged deprivations of their rights. [Doc. 1-1, ¶¶ 1-8]. Deputy Kyle Haley removed the action to this Court on March 2, 2017 [Doc. 1]. To date, Deputy Haley, the State, the City, and Officer Carlos Valenzuela have answered. [*See* Docs. 3; 7; 9; 10]. From the record, it does not appear the County has been served. Nor have the "Does" been identified or served.

Federal Rule of Civil Procedure 4(m) imposes a 90-day deadline for serving parties. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Alternatively, a party may show "good cause" whereupon the Court "must extend the time for service for an appropriate period." *Id*. Where an action is removed to federal court, as here, the deadline commences upon removal. *See* Fed. R. Civ. P. 81(c); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). In this case, the 90 days ran on May 31, 2017, and Plaintiffs have not sought an extension.

Rather than take the harsh step of dismissing the unserved parties *outright* at this point, the Court concludes the best course of action is to order service by a date certain. Alternatively, Plaintiffs may voluntarily dismiss them at their election.

Accordingly, it is **ORDERED** that Plaintiffs serve the County and "Doe" Defendants on or before **June 19, 2017**. In lieu of serving a party, Plaintiffs may exercise their right to voluntarily dismiss an unserved party without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE